UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DAREN LAMPTON,

      Plaintiff,

v.                                      07-3126

OFFICER SCHENK and
SARGENT BROWN, in
their individual and official
capacities,

      Defendants.

## Case Management Order #1 (Merit Review)

      The plaintiff, incarcerated in Western Illinois Correctional Center, filed this action pursuant to 42 U.S.C. § 1983. The court is required by 28 U.S.C. §1915A to conduct a merit review of the Complaint, and through such process to identify cognizable claims and dismiss claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted . . . ."

      The merit review standard is the same as the motion to dismiss standard. The plaintiff's *pro se* complaint is liberally construed, taking the allegations as true and drawing all reasonable inferences in the plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519 (1972). Dismissal is appropriate only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521.

      The plaintiff alleges that defendants conducted a humiliating and degrading strip search of him in front of many other inmates and officers for no legitimate reason. These allegations state a claim under the Eighth Amendment. *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003)(strip search conducted in harassing manner intended to humiliate and inflict psychological pain stated claim).

      The plaintiff also alleges that he was retaliated against for filing a grievance about the strip search, and later for his grievance about that retaliation. He appears to allege the retaliation is continuing, as he seeks injunctive relief. Retaliation for filing grievances states a constitutional claim. "The federal courts have long recognized a prisoner's right to seek administrative or judicial remedy of conditions of confinement, . . . as well as the right to be free from retaliation for exercising this right." *Babcock v. White*, 102 F.3d 267, 276 (7th Cir.

1996)(citations omitted).  It appears from the allegations that only Defendant Schenk is personally involved in the retaliation, but the Court believes it would be premature to dismiss Defendant Brown on the retaliation claim without input from the plaintiff.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims:

   a) Defendants' strip search of Plaintiff on or about June 13, 2005, violated Plaintiff's Eighth Amendment rights;

   b) Defendants retaliated and continue to retaliate against Plaintiff for filing a grievance about the strip search and for filing a grievance about their retaliation.

2) This case proceeds solely on the federal claims identified in paragraph one above.  Any claim not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or pursuant to Federal Rule of Civil Procedure 15.

3) This case is referred to the Magistrate Judge for entry of a Prisoner Scheduling Order.

4) The defendants shall file an _answer_ within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

Entered this _25th_ Day of _June_, 2007.

                                            s\Harold A. Baker
                                     _____
                                            HAROLD A. BAKER
                                     UNITED STATES DISTRICT JUDGE